IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 1:21-M-935 |
| | § | |
| FRANKLIN BARRETT SECHRIEST, | § | |
| Defendant. | § | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

There is a presumption of detention in this case because there is probable cause to believe that the defendant committed an offense listed in Title 18, United States Code § 3142(e)(3). The presumption shifts to the defendant for only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). Assuming the defendant has produced adequate rebutting evidence, the presumption remains a factor to be considered by the court and "may be weighed in the evidentiary balance." *Id*.

After a review of the criminal complaint (Dkt. #3), the Government's Motion to Detain (Dkt. #6), Mr. Sechriest's Response to the Government's Motion for Detention (Dkt. #19), the pretrial services report, the evidence presented and the arguments of counsel, I find by clear and convincing evidence that no condition or combination of conditions will alleviate the serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness.

My decision is based upon the following factors: the nature of the charges described in the

complaint, namely Arson related to a place of worship in violation of Title 18, United States Code § 844(i); the significant statutory and guideline penalties associated with any potential future conviction on these charges and the weight of the evidence against the defendant. The most compelling justification for the continued detention of the defendant is based upon a review of his history and characteristics, specifically his mental health history. The Defendant suffers from a myriad of mental health issues and concerns. These concerns have dramatically escalated over the past several years. That escalation has centered on hatred for other people, an ever-increasing escalation of criminal behavior and a passion for firearms and weapons. In June of 2016, the Defendant was evaluated at the Menninger Clinic in Houston, Texas. In the wake of that evaluation, a physician prepared a nine-page evaluation of the Defendant's mental health. The physician noted that "Franklin does not have and should not have access to firearms." *See* Menninger Report at 5. Despite that admonition, the Defendant's parents allowed the Defendant to acquire a small arsenal of firearms, including one shotgun, three rifles and three handguns.

There is no doubt that the Defendant's parents love, care for and want the very best for their troubled son. Yet rather than implement a sustained mental health treatment plan, nothing consistent was ever done. Instead, based on the current state of the record, the Defendant was simply monitored by a parent at home without the benefit of any counseling or medication. That effort failed.

The Defendant needs mental health treatment. The facility recommended by counsel for the Defendant is inadequate in that it is primarily designed for boys aged 7-18, is designed primarily for only 30-60 days of treatment and is not a locked-down facility. The current state of the Defendant's mental health requires a much longer, sustained program separate and apart from

–3–

his home. This Court will consider any option or plan for the treatment of Defendant's mental health that incorporates long-term treatment in a locked-down facility.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED December 15, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE